THOMAS B. JAVOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Javor v. Commissioner
Docket No. 4386-90
United States Tax Court
T.C. Memo 1991-201; 1991 Tax Ct. Memo LEXIS 225; 61 T.C.M. (CCH) 2558; T.C.M. (RIA) 91201; May 13, 1991, Filed *225 Decision will entered under Rule 155. Thomas B. Javor, pro se. Mark J. Miller, for the respondent. COHEN, Judge. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency of $ 9,196 in petitioner's Federal income tax for 1985 and additions to tax of $ 2,299 under section 6651(a)(1), $ 460 under section 6653(a)(1), and $ 527 under section 6654(a). Respondent also determined an addition to tax under section 6653(a)(2). All section references are to the Internal Revenue Code as amended and in effect for 1985. After concessions, the issues for decision are whether petitioner is entitled to any deductions beyond those allowed by respondent and whether petitioner is liable for the additions to tax. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. At the time of filing his petition, petitioner resided in Milwaukee, Wisconsin. During 1985, petitioner was a mechanical engineer who worked on a contractual basis with numerous employers. He received wages from four employers totaling $ 32,262.50, a per diem allowance of $ 1,904, and unemployment compensation of $ 1,176 *226 in 1985. During 1985, petitioner maintained his residence in Colgate, Wisconsin, and traveled to various places of business, incurring business travel expenses. He incurred $ 3,869.50 of deductible expenditures for 134 nights of business lodging during 1985. Petitioner did not maintain records of the time, place, amount, or business purpose of any other business expense incurred during 1985. During 1985, petitioner incurred and was entitled to itemized deductions as follows: Interest
$ 6,932.87
Real Estate Taxes
1,309.37
Miscellaneous
150.58
Medical Expense (prior to
adjustment)
2,511.52
On April 15, 1986, petitioner filed a Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return, with the Internal Revenue Service. Petitioner did not thereafter file a 1985 return. OPINION Petitioner has the burden of proving that he is entitled to deductions under section 162 beyond those allowed by respondent. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 78 L. Ed. 1348, 54 S. Ct. 788 (1934); Rule 142, Tax Court Rules of Practice and Procedure. With respect to petitioner's away-from-home travel expenses, he must also substantiate the *227 expenditures in accordance with section 274. Petitioner testified at trial, and he presented various logs purportedly substantiating his automobile travel. The logs, however, were internally inconsistent and unreliable. Petitioner contended that 100 percent of the mileage driven on a Mercury Monarch was business mileage. His testimony in this regard, however, was unpersuasive. On cross-examination, he admitted that certain mileage recorded in his logs was personal mileage. Petitioner did not substantiate the elements of each expenditure that he claimed, as required by section 1.274-5(a) and (b), Income Tax Regs. He did not present adequate records as required by section 1.274-5(c)(2), Income Tax Regs. His testimony at trial did not contain "specific information in detail" as to the required elements, and it was not accompanied by any corroborative evidence. See section 1.274-5(c)(3), Income Tax Regs.
In order to avoid the additions to tax under sections 6651(a)(1) and 6653(a), petitioner must prove that his failure to file a return was due to reasonable cause and that the underpayment of his taxes was not due to negligence or intentional disregard of rules and regulations. *228 Except for vague testimony about his attempts to secure forms for filing, petitioner presented no evidence that he had filed or attempted to file his tax return for 1985 on time or at all. Petitioner has failed to satisfy his burden of proof, and the additions to tax must be sustained. Petitioner presented no evidence with respect to the addition to tax under section 6654(a) for failure to pay estimated tax. That addition to tax must also be sustained. To take account of respondent's concessions, Decision will be entered under Rule 155.